# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 16-974V**
**Filed: December 6, 2017**
**Reissued: January 12, 2018[1]**
UNPUBLISHED

| | |
|---|---|
| DAVID DAVIS,<br><br>                       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                       Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[2]

**Dorsey**, Chief Special Master:

On August 10, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[3] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on September 23, 2015. Petition at ¶¶ 1-16. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] This reissued decision corrects a clerical error in the damaged awarded by the December 6, 2017 decision
.

[2] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 3, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for his GBS injury.  On December 1, 2017, respondent filed a proffer on award of compensation ("Proffer").  Respondent proffers that, based upon her review of the evidence of record, petitioner should be awarded:

A. A lump sum in the amount of $269,910.66 in the form of a check payable to petitioner, David Davis;

B. A lump sum payment of $68,394.18, representing compensation for satisfaction of the State of North Carolina Medicaid lien; and

C. An amount sufficient to purchase the annuity contract described in Proffer section II.C.

In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner:**

A. **A lump sum in the amount of $269,910.66 in the form of a check payable to petitioner, David Davis;**

B. **A lump sum payment of $68,394.18, representing compensation for satisfaction of the State of North Carolina Medicaid lien payable jointly to petitioner and**

**Division of Medical Assistance**
**Office of the Controller**
**2022 Mail Service Center**
**Raleigh, NC 27699-2022**
**Medicaid/Health Choice ID: 950280035O**
**Attn: Tonya Fulgham**

**Petitioner agrees to endorse this payment to the State of North Carolina; and**

C. **An amount sufficient to purchase the annuity contract described in Proffer Section II.C.**

This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]  Pursuant to Vaccine Rule 36(c), all damages are to be calculated based on the date of the original judgment, December 7, 2017, ECF No. 42.

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

DAVID DAVIS,                                           )
                                                       )
                    Petitioner,                        )
                                                       )
         v.                                            )          No. 16-974V
                                                       )          Chief Special Master Dorsey
SECRETARY OF THE DEPARTMENT OF                         )
HEALTH AND HUMAN SERVICES,                             )
                                                       )
                    Respondent.                        )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Items of Compensation**

    A.    Life Care Items

Respondent engaged life care planner Laura Fox, MSN, RN, CDDN, CLCP, and

petitioner engaged Roberta Hurley, B.S., Ed., to provide an estimation of David Davis's future

vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as

described in the Chief Special Master's Ruling on Entitlement, filed August 3, 2017.  All items

of compensation identified in the life care plan are supported by the evidence, and are illustrated

by the chart entitled Appendix A: Items of Compensation for David Davis, attached hereto as

Tab .[1]  Respondent proffers that David Davis should be awarded all items of compensation set

forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

_____

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years
run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the
anniversary of the date of judgment.

B.    Lost Earnings

The parties agree that based upon the evidence of record, David Davis has not suffered a loss of earnings in the past and will not suffer a loss of earnings in the future.  Therefore, respondent proffers that David Davis should not be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

C.    Pain and Suffering

Respondent proffers that David Davis should be awarded $175,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

D.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents David Davis's expenditure of past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $670.36.  Petitioner agrees.

E.    Medicaid Lien

Respondent proffers that David Davis should be awarded funds to satisfy a State of North Carolina lien in the amount of $68,394.18, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of North Carolina may have against any individual as a result of any Medicaid payments the State of North Carolina has made to or on behalf of David Davis from the date of his eligibility for benefits through the date

2

of judgment in this case as a result of his vaccine-related injury suffered on or about , under Title XIX of the Social Security Act.

## II.     Form of the Award

The parties recommend that the compensation provided to David Davis should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $269,910.66, representing compensation for life care expenses expected to be incurred during the first year after judgment ($94,240.30), pain and suffering ($175,000.00), and past unreimbursable expenses ($670.36), in the form of a check payable to petitioner, David Davis.

B.  A lump sum payment of $68,394.18, representing compensation for satisfaction of the State of North Carolina Medicaid lien, payable jointly to petitioner and

Division of Medical Assistance
Office of the Controller
2022 Mail Service Center
Raleigh, NC 27699-2022
Medicaid/Health Choice ID: 950280035O
Attn: Tonya Fulgham

C.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, David Davis, only so long as David Davis is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.  Growth Rate

Respondent proffers that a three percent (3%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: three percent (3%) compounded annually from the date of

---

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

      a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

      b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

      c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

4

judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2.      Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, David Davis, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of David Davis's death.

3.      Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.      Summary of Recommended Payments Following Judgment**

A.      Lump Sum paid to petitioner, David Davis:                    **$269,910.66**

B.      Medicaid lien:                                                              **$ 68,394.18**

C.      An amount sufficient to purchase the annuity contract described above in section II.C.

Respectfully submitted,

CHAD A. READLER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4099

Dated: December 1, 2017

**Appendix A:  Items of Compensation for David Davis**                Page 1 of 1

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 2017 | Compensation Years 2-5 2018-2021 | Compensation Years 6-8 2022-2024 | Compensation Year 9 2025 | Compensation Years 10-Life 2026-Life |
|---|---|---|---|---|---|---|---|---|
| Medicare Supp | 5% | | M | 1,827.00 | 1,827.00 | 1,827.00 | 1,827.00 | 1,827.00 |
| PCP | 5% | * | | | | | | |
| Neurologist | 5% | * | | | | | | |
| Miralax | 3% | | | 85.76 | 85.76 | 85.76 | 85.76 | 85.76 |
| PT | 3% | * | | | | | | |
| Therapist | 3% | * | | | | | | |
| Heavy Duty Power WC | 3% | * | | | | | | |
| Jay Seat | 3% | * | | | | | | |
| Lift Chair | 3% | | | | | | 812.00 | 81.20 |
| Adj Bed | 3% | * | | | | | | |
| Wheel in Shower Chair | 3% | | | 289.00 | 57.80 | 57.80 | 57.80 | 57.80 |
| Raised Toilet Seat | 3% | | | 51.89 | 25.95 | 25.95 | 25.95 | 25.95 |
| Water Shoes | 3% | | | 24.95 | 24.95 | | | |
| Posey Belt | 3% | | | 38.95 | 19.48 | 19.48 | 19.48 | 19.48 |
| Adult Depends | 3% | | M | 1,934.80 | 1,934.80 | 1,934.80 | 1,934.80 | 1,934.80 |
| Disp Underpads | 3% | | | 67.95 | 67.95 | 67.95 | 67.95 | 67.95 |
| Assisted Living One Time Fee | 3% | | | 2,500.00 | | | | |
| Assisted Living | 3% | | M | 87,420.00 | 87,420.00 | 87,420.00 | 87,420.00 | 87,420.00 |
| Pain and Suffering | | | | 175,000.00 | | | | |
| Past Unreimbursable Expenses | | | | 670.36 | | | | |
| Medicaid Lien | | | | 68,394.18 | | | | |
| Annual Totals | | | | 338,304.84 | 91,463.69 | 91,438.74 | 92,250.74 | 91,519.94 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($94,240.30), pain and suffering ($175,000.00), and past unreimbursable expenses ($670.36): $269,910.66.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of North Carolina, as reimbursement of the state's Medicaid lien: $68,394.18.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.